PUBLIC REDACTED VERSION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Petitioner*, v. Bain & Company, Inc.; Visa, Inc. *Respondents*. | M.B.D. No._____ |

## PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND

The United States of America, by and through the undersigned attorney of the Antitrust Division of the United States Department of Justice ("Division"), hereby petitions this Court, pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1314(a) (1994) ("ACPA"), to enter judgment on the pleadings enforcing Civil Investigative Demand ("CID") No. 30351, which was duly issued and served on Respondent Bain & Company, Inc. ("Bain"), and as grounds state as follows:

1. The Division is investigating the proposed acquisition by Respondent Visa, Inc. ("Visa") of Plaid, Inc. ("Plaid"). Specifically, the United States is investigating whether the acquisition would substantially lessen competition or would otherwise tend to allow Visa – the dominant provider of debit services in the United States – to create or maintain a monopoly in any relevant market in violation of the antitrust laws.

2. Bain, a consulting firm, has tried to stymie the Division's investigation into its client Visa by withholding important documents demanded under the CID, asserting claims of attorney-client and work product privilege over the documents despite performing no legal services for Visa. Bain has performed business strategic consulting work for Visa, in the

ordinary course. Among the relevant documents being withheld from the Division are documents relating to Visa's "Project ████" – a project on which Bain worked – focusing on the development of new ████████████████, including for Visa's ████ business.

3. On June 11, 2020, the Division issued the CID requiring Bain to produce documentary material and to answer interrogatories by July 13, 2020. Among the information requested in the CID are documents related to Visa's Project ████. Bain has acknowledged that it possesses responsive documents related to Project ████. Based on the limited non-privileged documents that Visa has separately produced, the Division believes that the Project ████ documents discussing Visa's ████████████████ ████████████████ may be important to the Division's analysis of the proposed acquisition's effects.

4. Bain has refused to produce the Project ████ documents. Instead, at Visa's direction, Bain has claimed a seemingly blanket privilege over almost all Project ████ documents. Bain's limited Project ████ production consists of public documents, such as industry reports, and a heavily redacted statement of work. Bain contends that its contract to work on Project ████ runs through Visa's outside counsel in a European antitrust case, and therefore all of its work product on the engagement is privileged. The relevant Project ████ documents sought, though, do not concern a litigation in Europe, and instead concern Visa's planned business strategies in the United States.

5. Despite receiving three months of extensions, Bain transferred the Project ████ documents to Visa just five days before Bain's production was due yesterday. Bain then

Case 1:20-mc-91572  Document 1  Filed 10/27/20  Page 3 of 12

PUBLIC REDACTED VERSION

directed the Division to seek the documents from Visa, not Bain. This last-minute attempt to delay production does not extinguish Bain's obligations under the CID.

6. The Division brings this proceeding under the ACPA, 15 U.S.C. § 1314(a), to enforce the CID served upon Bain.

### I. The Division Relies on Faithful Compliance with CIDs to Prosecute its Antitrust Investigations.

7. In enacting and amending ACPA, 15 U.S.C. §§ 1311 *et seq.* (1994), Congress provided the Division with broad pre-complaint powers to investigate possible violations of the federal antitrust laws, including the power to issue a CID to any person who "may be in possession, custody, or control of any documentary material, or may have any information, relevant to a civil antitrust investigation. . . ." *Id.* § 1312(a). The CID may require the recipient "to produce such documentary material for inspection and copying or reproduction, to answer in writing written interrogatories, to give oral testimony . . . , or to furnish any combination of such material, answers or testimony." *Id.*

8. The Division relies on good faith compliance with its CIDs by the parties receiving them, including third parties, to obtain documents and information needed to advance its investigations. If parties did not comply with CIDs, the Division's investigations would grind to a halt. Usually, the Division and CID recipients can work out reasonable accommodations, so that parties timely produce the needed documents and information. Only rarely does a CID recipient so fully refuse to comply regarding documents important to an investigation that an ACPA action is warranted. Given Bain's blanket refusal to produce the nonpublic Project ▇▇▇ documents, this is one such occasion.

9. Using unfounded privilege claims to withhold client's documents is a pattern among consulting firms, accounting firms, and investment banks. Indeed, during one meet and

confer, Bain referred to the issue as "a familiar privilege dispute."[1] As consultants provide business expertise, not legal advice, court after court has rejected Bain's and other consultants' third-party privilege defense. *See, e.g.*, *De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate*, No. 04 CIV. 4099 (DLC), 2006 WL 357835, at *2 (S.D.N.Y. Feb. 15, 2006) (refusing to apply a blanket privilege to documents reflecting business advice, as the "documents are Bain's recommendations to [DeBeers Group] so that it can maximize the value of its brand. . . . [T]he value provided by Bain in these documents was principally its business expertise."); *Dahl v. Bain Cap. Partners, LLC*, 714 F. Supp. 2d 225 (D. Mass. 2010) (attorney-client privilege claim by JPMorgan ("JPM"), on the ground that JPM assisted the client's attorney, was misplaced because JPM's input was not needed for the lawyer and the client to understand each other).

### II. The Parties Are Within the Court's Jurisdiction.

10. The Division is the arm of the U.S. Department of Justice responsible for enforcing the federal antitrust laws. Its responsibilities include, among other things, investigating potential mergers and Sherman Act violations by those exercising monopoly power.

11. Bain is located at 131 Dartmouth Street, Boston, MA 02116, and transacts business in Massachusetts and in this district.

12. Visa is located at 900 Metro Center Boulevard, Foster City, CA 94404, and transacts business in Massachusetts and in this district.

### III. Visa Develops Project ▮▮▮▮.

13. Project ▮▮▮▮ is a Visa project developed with Bain's assistance that focused on Visa's

---

[1] Declaration of Lara E.V. Trager ("Trager Decl.") ¶ 4. The Trager Decl. is filed along with this Petition.

business – to wit, the development of new ███████████████, including for Visa's ███ business. Visa's CEO described Project ██████ as "████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████"[2] (████████████████████████████████████████) Through Project ██████, Visa is "████████████████████████████████████████████████████████████████████████████████████████"[3]

14. The Project ██████ documents are important to the Division's investigation into Visa's proposed acquisition of Plaid. The Division is assessing anticompetitive effects in debit services, including the merger's likely impact on prices and whether its consummation will tend to increase Visa's market power. Project ████████████████████████████████████████████████████████████████████████. Price competition (or lack thereof) is relevant to determining whether a merger may substantially lessen competition or tend to create a monopoly.

## IV. In Response to the CID, Bain Withholds the Project ██████ Documents.

15. On June 11, 2020, the Division served the CID on Bain by email.[4] The CID demands, among other things, that Bain (1) identify each engagement or other work that Bain

---

[2] Trager Decl. Ex. 1 (Dep. at 518:7-14).

[3] *Id*. at 524:5-9.

[4] Assistant Attorney General Makan Delrahim signed the CID, pursuant to the ACPA. A copy of the CID and attached schedule is attached as Exhibit 2 to the Trager Decl. and is incorporated herein as part of this Petition. Bain agreed to accept electronic service of the CID. *See* Trager Decl. Ex. 3.

performed for Visa since January 1, 2017, relating to Visa's acquisition of Plaid, including a detailed explanation of the scope of the work; (2) identify all persons that Bain interviewed or otherwise received information from in connection with such work, and describe the information provided by each such person; and (3) submit all documents relating to any such work.

16. The documents the CID seeks are relevant to a valid investigation and are not exempt from disclosure. With few exceptions, the documents are not in the Division's possession. Visa is also subject to compulsory process and separately appears to be withholding its Project ▮▮▮▮ documents based on the same putative privilege.

17. Bain possesses more than 3,600 responsive documents relating to its Project ▮▮▮▮ engagement. Bain does not contest that the Project ▮▮▮▮ documents are responsive to the CID. Instead of producing them, it asserts blanket privilege over them.[5] Bain's privilege logs, for example, list a total of 1,970 documents, claiming attorney-client privilege, attorney work product, or both.

18. Despite being granted months of extensions, Bain has refused to make the Project ▮▮▮▮ documents available for inspection by the October 26 return date, and thus has failed to comply with the CID.

---

[5] Trager Decl. Exs. 4 & 5. Over ninety-five percent of Bain's production relating to Project ▮▮▮▮ are slip sheets in place of documents withheld for privilege. Bain has produced some documents tangentially related to Project ▮▮▮▮: public documents (including press articles, Visa annual reports, and payments industry reviews in various countries) and documents in the same email "family" as the Project ▮▮▮▮ documents. None of these documents contain the information in Bain's possession that the Division seeks regarding Project ▮▮▮▮. In a few instances, Bain produced documents but almost entirely redacted them. The Division's references to the "Project ▮▮▮▮ documents" exclude these publicly available and non-substantive family documents but includes the almost entirely redacted documents.

V.   **Bain Refuses to Comply with the CID regarding the Project ▮▮▮ Documents.**

19. The Division has worked persistently with Bain to facilitate its full compliance with the CID. Bain has refused, however, to provide the majority of the materials based on unsupportable privilege claims.

20. Bain's privilege claim is based on the assertion that its work on Project ▮▮▮ was within the scope of its engagement by Visa's counsel for consulting work regarding *Sainsbury's Supermarkets Ltd. v. Visa Europe Services LLC*, UKSC 2018/0154, an antitrust civil action in the United Kingdom. It takes the untenable position that this relationship gives Visa a privilege over all of Bain's Project ▮▮▮ work product. Similarly, Visa's counsel has asserted that the privilege applies to all aspects of Project ▮▮▮: "It's our understanding that that project is privileged."[6]

21. Despite any tangential relationship to the *Sainsbury's* case, the underlying purpose of Project ▮▮▮ was to communicate business ideas, not to render legal advice regarding the litigation. As such, the Project ▮▮▮ documents are not privileged.

22. For example, a January 17, 2019 Visa slide deck, titled "▮▮▮ update" contains details showing that Project ▮▮▮ relates to Visa's development of new ▮▮▮ ▮▮▮.[7] The deck provides an overview of "Project ▮▮▮," including its objectives, the critical issues facing Visa relating to ▮▮▮

---

[6] Trager Decl. Ex. 1 (Dep. at 517:6-7); *see also* Trager Decl. Ex. 6 at 3 (Bain describes the Project ▮▮▮ engagement as relating to "▮▮▮ ▮▮▮ . . . .").

[7] Trager Decl. Ex. 7 ▮▮▮ is a Visa Executive Vice President). Despite the "Privileged & Confidential/Prepared At Request Of External Counsel" footer throughout the deck, there is no discussion of any legal opinion or work product in the slide deck, and Visa has produced the document after conducting its own privilege review. *Id.*

██████████████████████████████████ for addressing these issues. Nothing in the 24-page deck suggests that Project ██████ has anything to do with litigation or that Visa was anticipating litigation.

23. Visa's CEO's sworn deposition testimony leaves little doubt that Visa hired Bain to help it with Project ██████ not for purposes of litigation, but for Bain's business strategy expertise. He explained that Project ██████ was not related to any litigation:

> Q. Was ██████ – and this is just a yes or no question – was ██████ an effort to try and resolve any litigation that Visa faces?
>
> A. No.[8]

He also explained that Visa hired Bain to assist it with Project ██████ because "when you're talking about strategic types of things . . . [Bain] might think about things differently than the way we might think about things."[9]

24. To give Bain's work a false aura of a privilege, Bain was retained through a contract with Visa's outside counsel. Visa's CEO explained that Visa used the law firm to retain Bain because Visa wanted to keep Bain's documents confidential: "This was done under privilege because I don't want these kinds of things in a record anywhere. This could be extraordinarily harmful."[10]

25. Bain's inappropriate assertion of privilege is further demonstrated in a January 2020 email from a Bain partner to Visa's Executive Vice President regarding the scope of Bain's work on Project ██████. While no attorneys received the email, Bain produced the email with

---

[8] Trager Decl. Ex. 1 (Dep. at 533:20-24).
[9] *Id.* at 529:5-14.
[10] *Id.* at 545:13-18.

almost every line redacted, claiming privilege.[11] In this instance, Visa produced a copy of the same email without redactions to the Division in investigative discovery.[12] The unredacted version shows that none of the text Bain redacted contains any legal communication or work product, nor that any of the work was done for purposes of the *Sainsbury's* litigation. Bain even redacted a description of its rate increase to Visa as privileged. Instead of litigation strategy, Bain's work concerned only Visa's business strategy, including ▓▓▓▓▓▓▓▓▓▓▓▓.

26. Bain has contrived privilege claims to conceal documents responsive to the CID that have nothing to do with attorney-client communications or attorney work product. The privilege logs show that virtually all of the relevant emails do not involve an attorney or only include an attorney as a copyee. The logs are devoid of sufficient detail to substantiate the privilege claims.

27. Bain asserts no valid ground for its failure to comply with the CID. To the extent that Bain has legitimate interests in preserving the confidentiality of its documents and information, those interests are already adequately protected by the express restrictions against disclosure embodied in the ACPA, 15 U.S.C. §§ 1313(c)(3) & 1314(g).

## VI. Bain Transfers the Project ▓▓▓▓ Documents to Visa.

28. Last week, on October 21, 2020, over four months after the Division issued the CID to Bain and following the sixth extension of time for compliance, Bain asserted that it had become a "non-party" in this dispute because it was transferring to Visa all of the Project

---

[11] Trager Decl. Ex. 8 at 2-5.
[12] Trager Decl. Ex. 9 at 2-5.

████ documents at issue, while preserving the originals on Bain's counsel's server.[13] Bain then instructed that any further request for production or enforcement of the CID should be directed to Visa.

29. Sending a copy of the Project ████ documents to Visa changes nothing about Bain's own obligations to respond to the CID. Bain still has possession of the Project ████ documents. There is no added burden on Bain in producing these documents: Bain has already collected and reviewed the Project ████ documents, and has already produced them to Visa. Therefore, Bain must now produce the documents to the Division in response to the CID.

30. Allowing a CID recipient to avoid compliance by transferring its documents to another party would set a dangerous precedent. Bain's last-minute attempt to evade its obligations by transferring the documents to Visa to further delay the Division's ability to obtain responsive documents directly interferes with the Division's charge to investigate potentially anticompetitive mergers.

### VII. The Division Met Extensively with Bain to Try to Resolve the Dispute.

31. Counsel for the Petitioner has conferred with Respondents' counsel and has tried in good faith to resolve and narrow the issues that are the subject of this Petition. After issuing the CID on June 11, 2020, the Division engaged in teleconferences with Bain's counsel to discuss CID compliance on June 17, 2020; July 1, 2020; July 29, 2020; August 26, 2020; September 4, 2020; and September 8, 2020; and with Bain's and Visa's counsel on September 22, 2020 and October 20, 2020. The parties also exchanged emails and letters throughout this time period, and the Division granted Bain six extensions to try to resolve

---

[13] Trager Decl. Ex. 10 at 2; Trager Decl. Ex. 11 at 1-2.

this issue. At the parties' October 20, 2020 meet and confer, Bain told the Division that "absent a court order directing Bain to produce," Bain would not produce the documents without Visa's instruction to do so.[14] The final extension for Bain's CID compliance expired on October 26, 2020.

### VIII. Request for Relief

WHEREFORE, the United States respectfully requests that this Court:

1. Order Respondents Bain and Visa (to the extent it directs Bain and has possession of Bain's responsive documents) to comply with the requirements of CID No. 30351 within five days of the Court's Order, including without limitation production of all documents listed on Bain's privilege logs without redaction;

2. Assess against Respondents all costs of the United States in maintaining this action; and

3. Grant such other and further relief as is just and proper.

Respectfully submitted,

/s/ Lee F. Berger

Lee F. Berger
United States Department of Justice
Antitrust Division
450 Fifth Street, NW
Washington, DC 20530
(202) 598-2698
lee.berger@usdoj.gov

*Attorney for Petitioner United States of America*

October 27, 2020

---

[14] Trager Decl. ¶ 4.

## **LOCAL RULE 7.1(A)(2) CERTIFICATION**

I hereby certify that counsel for Petitioner conferred with counsel for Respondents in an attempt to resolve or narrow the issues raised by this motion.

/s/ Lee F. Berger
Lee F. Berger